Rodolfo **CARREON-HERNANDEZ**, Petitioner,

v.

Edward H. **LEVI**, Attorney General of the United States, et al., Respondents.

No. 3-76-Civ-21.

United States District Court, D. Minnesota, Third Division.

March 24, 1976.

James P. Cullen, Legal Assistance to Minnesota Prisoners, Minneapolis, Minn., for petitioner.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for respondents.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue raised by this petition for a writ of habeas corpus is whether a person who entered the country legally over twenty years ago, has lived and worked in this country, is deportable under 8 U.S.C. Sec. 1251(a)(11) after conviction of a narcotics offense. Although the court's sympathies lie with petitioner, the law is clear and consequently, the petition is denied.

Petitioner came lawfully into the United States from Mexico in 1955 and, although he has never applied for United States citizenship, he has paid taxes here and registered for the draft. He is married to an American citizen and they have a fourteen year old son. In 1974 petitioner was convicted for a violation of one of the narcotics laws and sentenced to serve 18 months in prison with a three year special parole term to follow. While in prison the Immigration and Naturalization Service (I.N.S.) commenced deportation proceedings against him by serving an order to show cause and notice of hearing. The order to show cause relied on the contention that petitioner is a deportable alien. 8 U.S. C.A. Sec. 1251(a)(11) provides that:

> Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who— . . . has been convicted of a violation of . . . any law or regulation relating to the illicit possession of or traffic in narcotic drugs . . . .

An I.N.S. inquiry officer found petitioner to be deportable and that decision was affirmed on appeal by the United States Board of Immigration Appeals. In January of this year, following his release from prison, petitioner was taken into custody by I.N.S. for the purpose of deporting him. He filed this petition on January 26, and the court issued a temporary restraining order, preventing the deportation until after the final resolution of this case.

Petitioner raises five legal arguments in support of his petition. First he con-

tends that because of his ties with the United States, he is a "national" and thus not a deportable alien within the meaning of Sec. 1251(a)(11). "Alien" is defined by 8 U.S.C. Sec. 1101(a)(3) as "any person not a citizen or national of the United States." Section 1101(a)(22) defines national of the United States as a citizen or a "person who, though not a citizen of the United States, owes permanent allegiance to the United States."

Next, petitioner contends that deportation in this case amounts to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

Third, he contends that the application of Sec. 1251(a)(11) deprives him of rights guaranteed by the due process clause.

■ These three arguments were considered and rejected by the court in *Oliver v. United States Department of Justice*, 517 F.2d 426 (2d Cir. 1975). It rejected the argument that Oliver was a national despite the fact that she had resided in this country for over twenty years. It indicated that the distinction between citizenship and non-citizenship nationality has lost its significance, *Id.* at 427, n. 3, and that because she didn't go through the naturalization process, she was a deportable alien. *Id.* at 428.

■ Relying on *Harisiades v. Shaughnessy*, 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586, 601 (1952), the *Oliver* court concluded that despite severe consequences, deportation is not criminal punishment and therefore not within the Eighth Amendment's prohibition.

■ Finally, although it found the due process argument "more appealing," it rejected it because "the validity of distinctions drawn by Congress with respect to deportability is not a proper subject for judicial concern." *Id.* at 428.

■ Next petitioner argues that he may not be deported until after he has completed the three year special parole term imposed. However, 8 U.S.C. Sec. 1252(h) specifically provides that:

An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

■ Finally, petitioner contends that the court has the power to prevent deportation "despite the absence of any judicial basis for disturbance of the Board of Immigration Appeals' Order for deportation." Although 8 U.S.C. Sec. 1251 (b)(2) authorizes the sentencing judge to make a recommendation that the alien defendant not be deported, the last sentence of that section specifically states that it does not apply to an alien being deported for violation of the narcotics laws.

■ In conclusion, the court finds that petitioner is a deportable alien within the meaning of Sec. 1251(a)(11). Because the court is sympathetic with the plight of Carreon-Hernandez, we concur in the observation of the *Oliver* court that "once the machinery of the law has been set in motion . . . judicial authorities may be powerless to stop it, however much they wish. Perhaps petitioner can obtain relief from another branch of the Government; to our regret we cannot grant it . . . ." *Oliver, supra*, at 427. The law is clear. Respondents have the power to deport petitioner.

IT IS ORDERED that the petition for a writ of habeas corpus is

DENIED.