**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Humberto Angulo SOTELO,
Defendant–Appellant.**

No. 96–10081.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1997.

Decided March 31, 1997.

Brian H. Getz and Petra M. Reinecke, San Francisco, CA, for defendant-appellant.

Andrew M. Scoble, Assistant United States Attorney, San Francisco, CA, for plaintiff-appellee.

Before: HUG, Chief Judge, and THOMPSON and KLEINFELD, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

A jury found Humberto Angulo Sotelo guilty on one count of illegal reentry by an alien after deportation following an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). Sotelo appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTS

An indictment charged Sotelo with a single count of illegal reentry, in violation of section 1326(b)(2). At trial, Sotelo stipulated to most of the elements. Sotelo conceded: (1) he was convicted of an aggravated felony prior to July 1992; (2) he was lawfully deported from the United States on July 14, 1992; and (3) he was found within the United States between September 1992 and September 1993. The only dispute was whether Sotelo was an "alien" within the definition of section 1326.

After a one-day trial, the jury returned a guilty verdict. The district court sentenced Sotelo to 113 months incarceration. This appeal followed.

## DISCUSSION

A. Jury Instructions

■ Sotelo first argues the district court did not properly instruct the jury on the alienage element of section 1326. Sotelo argues the district court erred by refusing to instruct the jury that Sotelo would not be an alien if he were a national of the United States and that a national is a person who owes permanent allegiance to the United States. We review de novo "whether jury instructions correctly state the elements of an offense." *United States v. Ewain*, 88 F.3d 689, 695 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 332, 136 L.Ed.2d 244 (1996).

The district court instructed the jury that an alien is "not a citizen of the United States." The district court refused to give Sotelo's proffered instruction defining an alien as a person who is not a citizen *or national* of the United States. Sotelo argued he was entitled to his proposed expanded instruction defining "alien" as one who is not a "national" because he owes his permanent allegiance to the United States and, therefore, he is a "national." His proffer in support of his proposed instruction was:

> [Sotelo's] mother would testify that the family came here as a whole in 1985, which

consisted of the parents and 11 children, and that [Sotelo's] allegiance shifted to the United States in connection with the move that his family made because he no longer had any ties or any sort of allegiance ... to Mexico. Rather, his devotion and the center of his allegiance became the United States by virtue of the move.

Despite this proffer, the district court refused to give the jury Sotelo's proposed instruction. The court reasoned that even if the proffered facts were true and Sotelo did indeed consider himself a person who owed his sole allegiance to the United States of America, his subjective belief did not establish that he was a "national" and not an "alien." We agree.

■ The term "alien" is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Section 1101(a)(22) defines the term "national" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). Thus, if a person is a citizen or a national of the United States, the person is not an alien under section 1326.

The district court's instruction did not fully set forth the definition of alien. In the context of the present case, however, the district court was not required to instruct the jury that a national of the United States is not an alien or to define the term national. There was no evidence by which the jury could have found Sotelo was a national. Moreover, as a matter of law, the evidence revealed Sotelo could not have been a national. Any error, therefore, could not have affected the verdict. *See United States v. Lopez,* 100 F.3d 98, 102–05, (9th Cir.1996) (setting forth harmless error test).

Although we have not definitively defined the term national, we have suggested a person attains national status primarily through birth. *See Cabebe v. Acheson,* 183 F.2d 795, 797 (9th Cir.1950); *see also Oliver v. United States Dep't of Justice,* 517 F.2d 426, 427–28 (2d Cir.1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 789, 46 L.Ed.2d 646 (1976); *Carreon–Hernandez v. Levi,* 409 F.Supp. 1208, 1210 (D.Minn.), *aff'd,* 543 F.2d 637 (8th Cir.1976),

*cert. denied,* 430 U.S. 957, 97 S.Ct. 1605, 51 L.Ed.2d 808 (1977); *Yuen v. Internal Revenue Serv.,* 649 F.2d 163, 167–68 (2d Cir.), *cert. denied,* 454 U.S. 1053, 102 S.Ct. 597, 70 L.Ed.2d 588 (1981). We have explained:

> The term "national" came into popular use in this country when the United States acquired territories outside its continental limits, and was used in reference to noncitizen inhabitants of those territories.

*Rabang v. INS,* 35 F.3d 1449, 1452 n. 5 (9th Cir.1994) (citing 4 Charles Gordon and Stanley Mailman, Immigration Law and Procedure § 91.01[3][b], at 91–5 (1996)), *cert. denied,* —— U.S. ——, 115 S.Ct. 2554, 132 L.Ed.2d 809 (1995).

■ Without setting forth a precise and definitive definition of national, the term certainly does not include a person who illegally enters the United States and subjectively considers himself a person who owes permanent allegiance to this country. *Cf. Oliver,* 517 F.2d at 427–28 (rejecting argument that a person attains national status simply through lengthy residence in the United States); *Levi,* 409 F.Supp. at 1210 (same).

Based on a complete lack of any supporting evidence, no jury could have found Sotelo to be a national. Any error in failing to instruct the jury regarding the term national was harmless.

**B. Sufficiency of the Evidence**

■ Sotelo next argues the prosecution did not present sufficient proof that he is not a United States citizen. Sufficient evidence supports Sotelo's conviction if "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). The evidence was sufficient.

The prosecution presented evidence that, after his arrest, on February 3, 1994, Sotelo made several admissions to INS Special Agent Andrew Hess. Sotelo admitted he and his parents were born in Mexico; he is a citizen of Mexico; he was deported on July

14, 1992; and he reentered the United States in September 1992 without applying for permission to reenter.

The prosecution also presented several documents from the prior deportation proceeding. During the deportation hearing, Sotelo admitted, through his lawyer, allegations in the order to show cause that he is not a citizen or national of the United States and he is a native and citizen of Mexico. The prosecution presented the order to show cause and an advisement of rights form, which Sotelo signed. The advisement of rights form stated that Sotelo admitted he was in the United States illegally. Finally, the prosecution presented the order of deportation and the warrant of deportation, evidencing Sotelo's actual deportation.

Sotelo argues the documents from the prior civil deportation hearing are insufficient as a matter of law to establish his status as an alien.

 In *United States v. Meza-Soria*, 935 F.2d 166 (9th Cir.1991), we concluded the factual findings made in an earlier deportation proceeding do not conclusively establish a defendant's alien status in a subsequent criminal proceeding. *Id.* at 170. Due to the differing standards of proof, a defendant is not collaterally estopped from attacking his or her alien status in a subsequent criminal proceeding. *Id.* at 169–70.

 In *United States v. Ortiz-Lopez*, 24 F.3d 53 (9th Cir.1994), we interpreted *Meza–Soria* as holding that an order of deportation is insufficient as a matter of law to establish a defendant's alien status. *Ortiz-Lopez*, 24 F.3d at 55–56. We concluded "no reasonable jury could have found beyond a reasonable doubt, and solely on the basis of the deportation orders, that Ortiz–Lopez was an alien." *Id.* at 56.

In the present case, the prosecution's evidence was not limited to the prior deportation order. The prosecution presented Sotelo's admissions to Agent Hess that he is a Mexican citizen and his admissions during the deportation proceedings that he is not a United States citizen. *Ortiz–Lopez* is inapposite.

We conclude the prosecution presented sufficient proof that Sotelo is not a United States citizen. *See United States v. Contreras*, 63 F.3d 852, 858 (9th Cir.1995).

## C. Acceptance of Responsibility

 Sotelo argues the district court erred by refusing to grant him a two-point reduction for acceptance of responsibility. We review for clear error the district court's determination that Sotelo is not entitled to this reduction. *United States v. Dia*, 69 F.3d 291, 292 (9th Cir.1995). The district court did not clearly err.

Section 3E1.1 provides for a two-point reduction if a defendant "clearly demonstrates acceptance of responsibility for his offense...." USSG § 3E1.1. An application note to section 3E1.1 states: "In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." USSG § 3E1.1, comment. (n.2).

Sotelo relies on *United States v. McKinney*, 15 F.3d 849 (9th Cir.1994). In *McKinney*, we concluded the defendant was the "rare" defendant entitled to the reduction even though the defendant proceeded to trial. *Id.* at 854. The defendant was entitled to the reduction because he exhibited "overwhelming cooperation and remorse" by accepting responsibility "from the beginning," assisted police officers, provided a full statement, and attempted to plead guilty several times before and during trial. *Dia*, 69 F.3d at 292; *see also United States v. Easter*, 66 F.3d 1018, 1024–25 (9th Cir.1995), *cert. denied*, ─── U.S. ───, 116 S.Ct. 1026, 134 L.Ed.2d 104 (1996).

Sotelo argues he is entitled to the reduction because he stipulated to all but one of the elements of the offense, attempted to enter into a plea agreement, waived his *Miranda* rights after his arrest and did not challenge the validity of the waiver, and presented a minimal defense by calling only one witness. He argues he went to trial only because he felt the government treated him unfairly by not offering him a two-year sentence which the government allegedly offers

to many other defendants charged under section 1326.

The district court did not clearly err by finding that Sotelo is not the rare defendant who accepts responsibility after trial. Sotelo exhibited only a minimal acceptance of responsibility after trial and, on appeal, he continues to argue the prosecution did not present sufficient proof that he is not a United States citizen. Sotelo's argument, therefore, is without merit. *See Easter*, 66 F.3d at 1024–25.

AFFIRMED.