141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Nicholas Earl David OUELLETTE, Defendant-Appellant.
 No. 97-10284.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1998.
Decided March 16, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Robert C. Broomfield, District Judge, Presiding.
 
 
 2
 Before NOONAN, THOMAS, Circuit Judges, and PREGERSON**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are well familiar with the factual and procedural history of this case, we will not recount it here.
 
 
 5
 Ouellette challenges the sufficiency of the evidence presented to support his conviction. In examining the sufficiency of the evidence, we must determine "whether any rational trier of fact could have found the essential elements of the crime to have been met beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). We view the evidence in the light most favorable to the prosecution. Id. The government is entitled to all reasonable inferences that may be drawn from the evidence. United States v. Vaughn, 797 F.2d 1485, 1489 (9th Cir.1986).
 
 
 6
 Under 8 U.S.C. § 1326 as applied to this defendant, the government must establish a felony conviction, deportation, and subsequent unlawful presence in the United States without permission of the Attorney General. United States v. Sotelo, 109 F.3d 1446, 1447 (9th Cir.1997); United States v. Asibor, 109 F.3d 1023, 1031 (5th Cir.1997). The government clearly met its burden. There was unrefuted testimony and documentation as to his felony arrest and conviction, his deportation, and his later presence in the United States without the permission of the Attorney General.
 
 
 7
 Ouellette essentially concedes the factual elements of the section 1326 charge, but argues that the Attorney General's express consent was not required at the time of his most recent entry into the United States. However, this fact is irrelevant for purposes of determining culpability under the statute. Section 1326 allows for the government to establish that the defendant was found in the United States and the defendant may not avoid liability by reference to his earlier departures and re-entrys. The tendered evidence was sufficient to sustain the verdict.
 
 AFFIRMED
 
 
 **
 Honorable Dean D. Pregerson, United States District Judge for Central California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3