142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Willis Howard PRIDE, Defendant-Appellant.
 No. 97-50367.
D.C. No. CR-97-00002-MRP-01.
 United States Court of Appeals, Ninth Circuit.
 Decided April 29, 1998.
Submitted April 20, 1998.**
 
 Appeal from the United States District Court for the Central District of California, Mariana R. Pfaelzer, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willis Howard Pride, a federal prisoner, appeals his sentence for five counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). Pride contends that the district court erred in denying him a three-level reduction for acceptance for responsibility. We have jurisdiction pursuant to 28 U .S.C. § 1291. We review for clear error a district court's determination of acceptance of responsibility, see United States v.. Felix, 87 F.3d 1057, 1060 (9th Cir.1996), and we affirm.
 
 
 3
 Despite Pride's contention that he went to trial only to challenge the applicability of the statute to his conduct, the evidence shows that he was contesting an essential factual element: whether he took the money by intimidation." See 18 U.S.C. § 2113(a); United States Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1 comment. 2 (1995). By arguing that the prosecution did not present sufficient proof that the takings were by intimidation, Pride failed to establish that he clearly accepted responsibility for his criminal conduct. See U.S.S.G. § 3E1.1 comment. 2 (reduction not intended to apply where defendants contest essential factual elements); United States v. Sotelo, 109 F.3d 1446, 1449 (9th Cir.1997) (defendant who contested one element was not entitled to reduction); cf. United States v. McKinney, 15 F.3d 849, 853-54 (9th Cir.1994) (defendant who admitted committing a robbery, attempted to plead guilty several times before trial, and put on a minimal defense was entitled to a reduction). Accordingly, the district court did not clearly err by denying the reduction.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3