**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto AMBRIZ–VASQUEZ,
Defendant–Appellant.**

**No. 01–10144.
D.C. CR–20175–RMW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided May 2, 2002.

---

Before BRIGHT,* B. FLETCHER, and FISHER Circuit Judges.

### MEMORANDUM **

Defendant-appellant Roberto Ambriz–Vasquez appeals his conviction for being found in the United States following deportation due to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2), on the ground that the trial court admitted improper evidence against him. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts of this case, we will discuss them only insofar as they are relevant to our decision.

### I

We review evidentiary rulings of the district court for abuse of discretion. *United States v. Hernandez,* 109 F.3d 1450, 1452 (9th Cir.1997) (per curiam). "Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict." *United States v. Hankey,* 203 F.3d 1160, 1167 (9th Cir.), *cert. denied,* 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000).

"Because corroboration of a defendant's admission is a mixed question of law and fact that is primarily factual, we review for clear error." *United States v. Hernandez,* 105 F.3d 1330, 1332 (9th Cir.), *cert. denied,* 522 U.S. 890, 118 S.Ct. 227, 139 L.Ed.2d 160 (1997).

### II

Ambriz–Vasquez argues that the district court improperly admitted evidence in the form of his admission of alienage, provided by him as part of a sworn declaration. Ambriz–Vasquez does not challenge the presumption that his confession was made knowingly and voluntarily, after first receiving his *Miranda* rights in Spanish, his primary language. He argues simply that the government offered insufficient evidence to corroborate his statement. We disagree.

In order to support a conviction for being found in the United States in violation of § 1326, the government must prove (1) "that the defendant is an alien," (2) that the defendant "had been deported," (3) that the defendant "was subsequently found in the United States," and (4) that the defendant "did not have the Attorney General's permission to reapply for admission." *United States v. Parga–Rosas,* 238 F.3d 1209, 1211 (9th Cir.2001). Defendant Ambriz–Vasquez argues that, because the "criminal conduct at the core of the offense" of which he was convicted is alienage, his own admission of alienage cannot provide a sufficient basis for his conviction unless it is corroborated. In addition, Ambriz–Vasquez argues that, without his admission of alienage, the evidence against him for violation of § 1326 is insufficient as a matter of law.

"To satisfy the corroboration requirement, the [g]overnment 'must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable.'" *Hernandez,* 105 F.3d at 1332 (quoting *United States v. Lopez–Alvarez,* 970 F.2d 583, 592 (9th Cir.1992)). Ambriz–Vasquez argues that the government failed to meet this

---

\* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

standard because it did not provide corroborating evidence in the form of either his admissions made during prior deportation proceedings, *cf., e.g., United States v. Ramirez–Cortez,* 213 F.3d 1149, 1158 (9th Cir.2000); *United States v. Sotelo,* 109 F.3d 1446, 1449 (9th Cir.1997), or evidence that he entered the United States in a suspicious manner, *cf. Hernandez,* 105 F.3d at 1332–33. However, we have never held that these particular types of evidence are necessary to corroborate a defendant's admissions leading to his conviction under § 1326.

Under the applicable standard of corroboration, the government need only provide independent evidence of the element to which the admission pertains and evidence of the admission's reliability. *Lopez–Alvarez,* 970 F.2d at 592. Therefore, the government sufficiently corroborated Ambriz–Vasquez's admission of alienage when it produced two prior warrants of deportation. In addition, the facts that the defendant's statements were sworn and made pursuant to receiving his *Miranda* rights in Spanish are relevant to establishing the admission's reliability. *See United States v. Heredia–Fernandez,* 756 F.2d 1412, 1415–16 (9th Cir.1985). We, therefore, conclude that the two prior deportation warrants were sufficient to corroborate the defendant's sworn admissions.

### III

Ambriz–Vasquez argues that the district court abused its discretion by admitting Immigration and Naturalization Service ("INS") Agent Phillip Norris's testimony regarding deportation procedures because Norris lacked personal knowledge sufficient to establish the reliability of his testimony. Rule 602 of the Federal Rules of Evidence states that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. We find no abuse of discretion in the court's admission of Agent Norris's testimony.

Norris had served a 30–day detail at the Calexico facility from which Ambriz–Vasquez was previously released, and he had participated in the processing of deportees while they were in custody at Calexico. An INS agent need not have personally executed a deportation order in order to testify as to the normal procedure by which a warrant of deportation is executed. Norris's testimony was only necessary in the present case in order to explain certain entries made on Ambriz–Vasquez's prior warrants of deportation. Any deficiencies regarding the depth of Norris's knowledge were available for exposure, and were ultimately pursued, on cross-examination. Therefore, even if the district court had abused its discretion by admitting Norris's testimony, no prejudice resulted from the court's decision.

### IV

Ambriz–Vasquez appeals the admission of testimony by INS Agent Eric Bonnar on the ground that Bonnar was not qualified as an expert under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Bonnar testified as an expert that he found a 12–point match between Ambriz–Vasquez's fingerprint and the fingerprint identification found on the booking sheet from his prior felony conviction. In addition, Bonnar testified as to his opinion that the two prints were made by the same person.

Ambriz–Vasquez challenges the current fingerprinting technique as unreliable under *Daubert,* 509 U.S. at 592–95, 113 S.Ct. 2786, and, in the alternative, he challenges whether Bonnar, himself, had sufficient ex-

pertise to perform the fingerprint comparison. We have previously held that a trial court did not commit clear error where it admitted fingerprint evidence without performing a *Daubert* analysis. *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir.1996). Requiring courts to conduct *Daubert* hearings whenever defendants object to fingerprint evidence is a particularly onerous interpretation of their "gatekeeping" function under *Daubert*, 509 U.S. at 597, 113 S.Ct. 2786, and assumes that courts cannot take judicial notice of the general acceptance of fingerprinting analysis. Accordingly, we find no abuse of discretion in the district court's failure to conduct a *Daubert* hearing regarding the admissibility of fingerprinting evidence.

The defendant's challenge to Bonnar's qualifications as an expert is also unavailing. At trial, Bonnar testified that his qualifications included a six-hour training course in fingerprinting technology with the INS, a 40–hour course from the Federal Bureau of Investigation, experience in performing over 200 comparisons, and one previous experience of expert fingerprinting testimony. Ambriz–Vasquez received a full opportunity at trial to impeach Bonnar's testimony regarding his qualifications as well as to challenge his conclusions. We find no abuse of discretion by the district court in allowing Bonnar to testify as an expert.

AFFIRMED

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.