UNITED STATES of America, Plaintiff—Appellee,

v.

Ramon RAMIREZ–MENDOZA, aka Miguel Angel Rodriguez–Mendoza, Defendant—Appellant.

No. 01–50467.

D.C. No. CR–00–02457–H.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2002.*

Decided June 4, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,** District Judge.

### MEMORANDUM ***

Defendant Ramon Ramirez–Mendoza appeals his conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm.

Defendant first contends that insufficient evidence supports the jury's findings that he is an alien and that he had been deported.

As evidence of Defendant's status as an alien, the Government presented (1) a prior deportation order and (2) an authenticated tape of a deportation proceeding at which Defendant admitted to being an illegal alien and consented to deportation to Mexico. That evidence sufficed to establish Defendant's alienage. *See United States v. Sotelo,* 109 F.3d 1446, 1449 (9th Cir.1997) (holding that a prior deportation order plus evidence of the defendant's admissions during deportation proceedings were sufficient to prove alienage); *United States v. Contreras,* 63 F.3d 852, 858 (9th Cir.1995) (holding that a prior deportation order, the transcript of a deportation hearing at which the defendant admitted his alienage, and the testimony of an INS agent about the defendant's Mexican citizenship sufficed to prove alienage).

Defendant nevertheless asserts that the district court erred by allowing Senior Border Patrol Agent Hopkins to state that the voice on the tape belonged to Defendant. Hopkins provided a sufficient foundation for his statements about whose voices could be heard on the tape. He testified that the tape was a redacted version of a tape that had been authenticated by the immigration court as a recording of a deportation proceeding involving Defendant. He further testified that he had listened to the entire tape and was familiar with its content. That testimony provided an adequate basis for Hopkins' statements about the voices on the tape.

Sufficient evidence likewise supports the jury's finding that Defendant had been deported. Defendant's fingerprints appear on two separate orders of deportation. From that evidence, and from Agents Yslava's and Pea's testimony that their signatures would not appear on Defendant's I–205 forms had they not witnessed Defendant cross the border, a reasonable juror could find beyond a reasonable doubt that Defendant had been deported.

Next, Defendant argues that the district court abused its discretion by allowing Agent Hopkins to state that Defendant's signature appeared on an INS order to show cause. Hopkins did not testify that, in fact, Defendant had signed the document. Rather, he simply read the signature from a document that had been entered into the record without objection: "it bears what appears to be the signature of a Ramon Ramirez." The district court did not abuse its discretion by allowing Hopkins to describe what appeared on the face of an admissible document.

Finally, contrary to Defendant's contention, the district court properly found during sentencing that Defendant had been convicted of burglary. As evidence of Defendant's convictions, the court relied on

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

(1) the testimony of the fingerprint expert at trial, which linked Defendant to the 1998 deportation order of Ramon Ramirez–Mendoza contained in the A-file; and (2) the fact that the A-file contained the certified copies of prior convictions, including one for burglary, that had been committed by a "Ramon Ramirez" whose fingerprints matched those on the deportation order. Based on that evidence, the court reasonably found beyond a reasonable doubt that Defendant had been convicted of the offenses documented in the A-file.

AFFIRMED.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Yvette C. MENDOZA, aka Yvette Schneider, Defendant—Appellant.**

**No. 01–10549.**

**D.C. No. CR 99–0409 HG.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 4, 2002.

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.