UNITED STATES of America,
Plaintiff—Appellee,

v.

Oscar QUINTANA–QUINTANA,
Defendant—Appellant.

No. 01–50704.
D.C. No. CR–01–00155–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided March 6, 2003.

Before MESKILL,* THOMPSON, and BERZON, Circuit Judges.

* The Honorable Thomas J. Meskill, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

MEMORANDUM **

Defendant-appellant Oscar Quintana–Quintana ("Quintana") was convicted after a jury trial of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, and sentenced principally to a term of 70 months incarceration. Quintana appeals his conviction and sentence on five grounds.

Quintana's first claim, that the indictment is defective because it does not allege that Quintana had knowledge of all elements of the offense, was not raised before the district court. Accordingly, our review is only for plain error. *See United States v. Velasco–Medina,* 305 F.3d 839, 846 (9th Cir.2002). This Court has held that in a prosecution under 8 U.S.C. § 1326,

> [t]he government need only prove that the accused is an alien and that he illegally entered the United States after being deported according to law. An allegation of wilfulness is unnecessary in an indictment under 8 U.S.C. § 1326.... [T]he presence in the country itself is the conduct which Congress has seen fit to punish.

*Pena–Cabanillas v. United States,* 394 F.2d 785, 789 (9th Cir.1968) (internal citations omitted). Contrary to Quintana's assertions, *Pena–Cabanillas* is controlling, and has not been abrogated by the Supreme Court's holding in *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). Accordingly, Quintana's first claim is without merit.

Quintana's second claim, that the indictment is defective under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also was not raised before the district court, and therefore our review of this claim is for plain error only. Quintana contends that the indictment

should have alleged that he was previously convicted of an aggravated felony, since this prior conviction increased the maximum sentence to which Quintana was exposed from 24 months to 240 months of incarceration. The *Apprendi* Court summarized its holding in a single sentence as follows: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). Quintana nonetheless contends that *Apprendi* is limited to cases in which the prior conviction was obtained by a guilty plea, rather than by a jury verdict. We have rejected this argument repeatedly. *See, e.g., United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2001) (*Apprendi'*s exception for prior convictions is not limited "to cases where a defendant admits prior aggravated felony convictions on the record. To the contrary, *Apprendi* held that *all* prior convictions—not just those admitted on the record—were exempt from *Apprendi'*s general rule."). Accordingly, we find Quintana's second claim to be without merit.

■ Quintana's third claim is that the district court erred in instructing the jury that it could not consider evidence of Quintana's father's citizenship as evidence of Quintana's own citizenship. Quintana did not object to this instruction in the district court. Even if the instruction were plainly erroneous, any error would not warrant reversal of Quintana's conviction because the evidence of Quintana's father's citizenship was insufficient to create reasonable doubt as to Quintana's own citizenship, particularly in light of the admissions made by Quintana to the INS agents (who testified at trial) that he was a Mexican

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizen who was in the United States illegally. Moreover, the district court did not preclude defense counsel from suggesting reasonable doubt as to Quintana's alienage by cross-examining INS agents regarding their failure to investigate whether Quintana might have derivative citizenship or by emphasizing this lack of investigation in closing arguments. *Compare United States v. Thompson*, 37 F.3d 450, 454 (9th Cir.1994) (district court erred by not permitting defense attorney to argue to the jury that the government's case was weakened by a lack of evidence caused by its failure to investigate). Accordingly, Quintana's third claim is without merit.

■ Quintana's fourth claim is that the district court erred in admitting documents from his "A–File" as evidence of his alienage. Quintana asserts that the documents were inadmissible hearsay, and that their admission violated his rights under the Confrontation Clause of the Sixth Amendment. Quintana raised this claim in the district court; accordingly, we review the interpretation of the hearsay rule and the Confrontation Clause issues *de novo*, and we review the district court's application of the hearsay rule for abuse of discretion. *See United States v. Orellana–Blanco*, 294 F.3d 1143, 1148 (9th Cir.2002). We conclude that the A–File documents were properly admissible under the public records exception to the hearsay rule. *See United States v. Hernandez–Herrera*, 273 F.3d 1213, 1217–18 (9th Cir.2001) (acknowledging that "deportation documents are admissible to prove alienage under the public records exception to the hearsay rule"). Furthermore, even if the documents were erroneously admitted, the error was harmless because there was sufficient other evidence of Quintana's alienage properly admitted to find Quintana guilty beyond a reasonable doubt, specifically, Quintana's oral and written statements

that he was a Mexican citizen who was in the United States illegally after previously having been deported. *See United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir. 1997) ("In the present case, the prosecution's evidence was not limited to the prior deportation order. The prosecution presented [the defendant's] admissions to [an INS agent] that he is a Mexican citizen and his admissions during the deportation proceedings that he is not a United States citizen.... We conclude the prosecution presented sufficient proof that [the defendant] is not a United States citizen."). Accordingly, this claim is without merit.

■ Quintana's fifth and final claim is that the district court erred in increasing his offense level by 16 levels because of his prior conviction, which the district court found was "for an aggravated felony." Because this claim was not raised in the district court, we review for plain error. The district court did not make any findings regarding the nature of Quintana's prior conviction, nor is there any evidence in the record on appeal regarding the nature of Quintana's crime. It appears that the district court erroneously applied the 2000 Guidelines, even though the 2001 Guidelines had been in effect for several weeks at the time of Quintana's sentencing. *See* U.S.S.G. § 1B1.11(a) (2001) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). On the record before us, it is impossible for the Court to make a finding on the issue whether Quintana should have received an increase of 16 offense levels under the appropriate version of the Guidelines. Accordingly, we REMAND this case to the district court for the limited purpose of resentencing. On remand, the district court shall make findings on the record regarding the nature of Quintana's prior conviction and the

specific Guidelines section, if any, that warrants an increase in offense level.

**AFFIRMED, IN PART, VACATED, IN PART, AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.