**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Oscar QUINTANA–QUINTANA,**
**Defendant—Appellant.**

**No. 03–50254.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2004.*

Decided June 15, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

James V. Fazio, III, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Lori Schoenberg, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, GIBSON,** and GRABER, Circuit Judges.

### MEMORANDUM ***

Defendant–Appellant Oscar Quintana–Quintana ("Quintana") appeals his sentence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The district court initially sentenced Quintana to seventy months in custody and three years of supervised release.

On appeal, a previous panel of the Ninth Circuit held that the district court committed "plain error" by applying the wrong version of the United States Sentencing Guidelines ("U.S.S.G.") and by failing to make any findings regarding the nature of the prior convictions used to enhance Quintana's sentence. *See United States v. Quintana–Quintana,* No. 01–50704, 60 Fed. Appx. 104, 2003 WL 839998, at *2 (9th Cir. Mar.6, 2003). We vacated Quintana's sentence and remanded his case for resentencing. *Id.* On remand, the district court made additional findings and resentenced Quintana to seventy months in custody and three years of supervised release. This second appeal followed.

On remand, the district court concluded that Quintana's prior conviction for assault with a deadly weapon under Cal.Penal Code § 245(a)(1) warranted a 16–level sentence enhancement under U.S.S.G. § 2L1.2 and its commentary. The district court specifically held that a conviction for assault with a deadly weapon under section 245(a)(1) is categorically a "crime of violence" because the "full range of conduct" proscribed by the statute "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(I) (2001).

We agree. On its face, the statute applies only to crimes of violence because an element of the offense is an attempt to commit "violent injury" on another person. Cal.Penal Code §§ 240, 245(a). Contrary to Quintana's claim, an individual cannot be found guilty of assault under California law if he lacks criminal intent or is merely negligent. *See People v. Williams,* 26

** The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cal.4th 779, 788, 111 Cal.Rptr.2d 114, 29 P.3d 197 (2001).

Because the district court properly held that assault with a deadly weapon under Cal.Penal Code § 245(a)(1) is categorically a "crime of violence" under U.S.S.G. § 2L1.2, we do not consider whether the predicate crime was also a "crime of violence" under the modified categorical approach. *See United States v. Ceron–Sanchez,* 222 F.3d 1169, 1173 (9th Cir.2000). For the same reason, we do not consider whether the district court exceeded the scope of the mandate in reaching the alternative bases for its holding.

AFFIRMED.