UNITED STATES of America, Plaintiff—Appellee,

v.

Antonio DE LEON–ORTIZ, aka Alex Sampson, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Antonio De Leon–Ortiz, Defendant— Appellant.

Nos. 06–10002, 06–10092.

United States Court of Appeals, Ninth Circuit.

Submission Deferred April 12, 2007.

Resubmitted April 14, 2008.*

Filed April 21, 2008.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

MEMORANDUM **

Antonio De Leon–Ortiz ("De Leon") appeals his conviction and sentence imposed

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He also appeals the revocation of the supervised release he was serving as part of the sentence imposed for a prior § 1326 violation, and the sentence imposed for violating the terms of that supervised release. We affirm the conviction and the revocation, as well as De Leon's two sentences. Because the parties are familiar with the facts of the case, we do not recite them here.

*1. Section 1326 Conviction*

■■■ De Leon asserts that the district court erred in failing to grant his Rule 29 motion for a judgment of acquittal, based on insufficient proof of alienage and voluntariness. We reject this argument. De Leon admitted his alienage, and his admission was corroborated by his prior deportations. *See United States v. Sotelo,* 109 F.3d 1446, 1449 (9th Cir.1997); *United States v. Contreras,* 63 F.3d 852, 858 (9th Cir.1995). The jury could have inferred that his entry was voluntary because he was found at a location other than the border and had reentered following a prior deportation. *See United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir. 2000); *United States v. Rivera–Sillas,* 417 F.3d 1014, 1021 (9th Cir.2005).

■■■ De Leon also asserts that his conviction should be reversed because the district court failed to instruct the jury that De Leon's entry had to be voluntary. We agree that the district court erred but we find the error harmless. De Leon offered no evidence to rebut the government's showing that his reentry was voluntary. Because the record contains no " 'evidence that could rationally lead to a contrary finding with respect to the omitted element,' " it is clear beyond a reasonable doubt that the jury would have found the defendant guilty absent the error. *See United States v. Salazar–Gonzalez,* 458

F.3d 851, 858–59 (9th Cir.2006) (quoting *Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). We therefore affirm his conviction.

■■■ De Leon next argues that his 96–month sentence for his illegal reentry conviction is unreasonable. We disagree. The record reveals that the district court correctly calculated the Guidelines range of 84 to 105 months, and, after considering De Leon's arguments and the 18 U.S.C. § 3553(a) factors, found that a sentence in the middle of that range was warranted. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007) (district court should use Guidelines as starting point, listen to arguments from both sides, then consider the § 3553(a) factors to determine the proper sentence). The resulting within-Guidelines sentence was reasonable in light of the totality of the circumstances and the deferential abuse of discretion standard. *United States v. Carty,* 520 F.3d 984, 994–95 (9th Cir.3008) (en banc); *id.* at 994 (" '[W]hen the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.' " (quoting *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007))).

*2. Revocation of Supervised Release*

In a separate appeal, De Leon claims that the district court abused its discretion by revoking his supervised release, because the government offered insufficient proof of alienage and voluntariness. Because we affirm his 2005 conviction, we reject this argument. De Leon's 2005 conviction for violating 8 U.S.C. § 1326 shows by a preponderance of the evidence that he breached the terms of his supervised release for his prior Section 1326 conviction. *See United States v. Lomayaoma,* 86 F.3d

142, 146–47 (9th Cir.1996). We therefore affirm the revocation of his supervised release.

 Last, De Leon argues that the 13–month sentence he received for violating the terms of his supervised release was unreasonable. This argument fails as well. The district court properly used the Guidelines as a starting point and considered the specifics of De Leon's case and the 18 U.S.C. § 3583(e) criteria in imposing the sentence.[1] *Gall*, 128 S.Ct. at 596–97. The resulting within-Guidelines sentence was not unreasonable. *Carty*, 520 F.3d at 993–95.

Conviction AFFIRMED; sentence AFFIRMED.

---

1. De Leon argues that the district court failed to properly consider the section 3553(a) factors, but in actuality, 18 U.S.C. § 3583(e) governs revocation sentences. Section 3583(e) incorporates most of the section 3553(a) factors.

