**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50037 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04151-W-1 |
| v. | |
| PASCUAL FRANCISCO-PASCUAL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted February 8, 2012**
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Pascual Francisco-Pascual (Francisco) appeals his jury conviction for illegal

reentry into the United States in violation of 8 U.S.C. § 1326. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Generally, "a defendant is entitled to his proposed instruction even if his evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1191 (9th Cir. 2011) (internal quotation marks omitted). But while this standard is "somewhat generous," the "trial record must still contain evidence upon which the jury could rationally find for the defendant." *Id.* (internal quotation marks omitted). Thus, a defendant must present something more than a mere "scintilla of evidence" of national status "to warrant a defense instruction on that theory." *See id.*; *United States v. Sotelo*, 109 F.3d 1446, 1448 (9th Cir. 1997).

"All citizens of the United States are also nationals. However, some nationals are not citizens." *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 967 (9th Cir. 2003). We have held that "a person can become a 'national of the United States' . . . only through birth or naturalization." *Id.* at 972. Today, "the only remaining noncitizen nationals are residents of American Samoa and Swains Island." *Id.* at 967 (quoting *Miller v. Albright*, 523 U.S. 420, 467 n.2 (1998) (Ginsburg, J., dissenting)).

Here, the district court did not abuse its discretion by following the Ninth Circuit Model Jury Instructions and rejecting Francisco's requested jury instruction, because Francisco did not present even a mere "scintilla of evidence"

2

of his status as a national of the United States. Francisco was born in Mexico. Thus, Francisco could not have become a national of the United States through birth, because he was not born as a citizen national in the United States or as a noncitizen national in American Samoa or Swains Island. Also, Francisco did not offer any evidence that he was a national of the United States through naturalization. Francisco's requested instruction, as the district court determined, therefore lacked a factual foundation in the evidence. Put otherwise, "no jury could have found [Francisco] to be a national." *See Sotelo*, 109 F.3d at 1448.

**AFFIRMED.**