**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10667 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00341-CKJ-DTF-1 |
| v. | |
| MANUEL RODRIGUEZ-CORNEJO, a.k.a. MANUEL CORNEJO-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 8, 2014[**]
San Francisco, California

Before: BENAVIDES,[***] TALLMAN, and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

Manuel Rodriguez-Cornejo ("Rodriguez") appeals his conviction after a jury trial on one count of illegal reentry by an alien after deportation in violation of 8 U.S.C. § 1326(a). Rodriguez contends that the district court erred in failing to grant a judgment of acquittal or a new trial because: (1) the government's evidence was insufficient to allow the jury to conclude that he was not a United States citizen, and (2) newly discovered evidence established that he was born in the United States. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In reviewing the denial of a Rule 29 motion for judgment of acquittal, we consider *de novo* whether sufficient evidence exists to support a guilty verdict. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). Sufficient evidence supports a defendant's conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The government presented evidence that Rodriguez admitted to Border Patrol Agents Alvarez and Lynch on January 16, 2012, that he was from Michoacán, Mexico, and that he did not have permission to enter the United States. The government presented evidence that after his arrest, on January 16, 2012, Rodriguez waived his rights and made several admissions to Border Patrol Agent Price. Rodriguez admitted that he was born in Mexico, he is a citizen

2

of Mexico, and he did not have legal permission to reenter the United States. Rodriguez had previously been deported and given at least three prior sworn statements in which he admitted that he was born in Mexico and that he did not have legal permission to reenter the United States. While "an order of deportation is insufficient as a matter of law to establish a defendant's alien status," *United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir. 1997), the government's evidence was not limited to the prior deportation order, and included numerous admissions from the defendant himself. *See id.* Because the government presented ample evidence from which the jury could have concluded that Rodriguez was not born in the United States, the district court did not err in denying Rodriguez's Rule 29 motion for judgment of acquittal.

Rodriguez also contends that the district court erred in denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) because the evidence was insufficient to establish that Rodriguez was not born in the United States and because newly discovered evidence established that he was born in the United States. We review the district court's denial of a motion for a new trial for an abuse of discretion. *See United States v. Hursh*, 217 F.3d 761, 769 (9th Cir. 2000). A new trial is not warranted under Rule 33 unless a defendant can establish five elements: "(1) the evidence is newly discovered; (2) the defendant was diligent

3

in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010) (citation and internal quotation marks omitted).

Applying this test, the district court did not abuse its discretion in denying Rodriguez's Rule 33 motion. First, because the evidence was sufficient to sustain a guilty verdict, the district court did not err in refusing to grant a new trial on this basis. Second, even assuming the evidence from Mr. Flores is considered "newly discovered," the evidence was cumulative to other testimony provided at trial, and Rodriguez has not met his burden to show that a new trial would probably result in acquittal. *See United States v. Kulczyk*, 931 F.2d 542, 548–49 (9th Cir. 1991). The jury heard and rejected Rodriguez's defense that he was born in the United States. Therefore, the district court did not abuse its discretion in denying the motion for a new trial under Rule 33.

**AFFIRMED.**