NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Appellee, v. TERRANCE PEARSON, Appellant. | No. 24-7672 D.C. No. 2:21-cr-00065-FLA-4 MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted April 15, 2026**
Pasadena, California

Before: CALLAHAN, BUMATAY, and TUNG, Circuit Judges.

Terrance Pearson appeals his convictions under 18 U.S.C. § 1951(a) and 18

U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Pearson first challenges the district court's decision to deny a sentence

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), which allows a district court to decrease a defendant's sentence by two levels when he "clearly demonstrates acceptance of responsibility for his offense." The district court's findings of fact regarding Pearson's acceptance of responsibility are reviewed for clear error and are entitled to "great deference on review." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088–89 (9th Cir. 2004) (simplified).

The district court did not clearly err in denying Pearson a sentence reduction because it found he did not accept responsibility for his crimes. Courts focus on whether the defendant shows genuine contrition—not whether he merely exercised his constitutional rights by proceeding to trial. *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994). A district court can deny a reduction when the defendant makes pretrial admissions, and need not grant it when a defendant "exhibit[s] only a minimal acceptance of responsibility after trial" and contests whether the "prosecution" offers "sufficient proof." *United States v. Sotelo*, 109 F.3d 1446, 1450 (9th Cir. 1997). In deciding whether to grant a sentence reduction, the district court may consider whether a defendant falsely denies any relevant conduct, voluntarily surrenders "to authorities promptly after commission of the offense," or is timely in manifesting acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n. 1. While Pearson conceded that he would likely be found guilty for one robbery, he also contested the scope of the conspiracy and the foreseeability of the use of firearms, did not

voluntarily surrender, and was arrested during the commission of an additional crime. Given these factors, the district court did not clearly err when it held that Pearson's post-trial letter, courses completed while in custody, and in-court statement during sentencing do not overcome the rest of the record.

2. Pearson next asserts that the district court erred when it applied a two-level physical-restraint enhancement under U.S.S.G. § 2B3.1(b)(4)(B), which applies "if any person was physically restrained to facilitate commission of the offense." The district court's interpretation of the sentencing guidelines is reviewed de novo; its application of the guidelines to the facts is reviewed for abuse of discretion; and its factual findings are reviewed for clear error. *United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013) (simplified).

The sentencing guideline commentary defines physical restraint as actions including "being tied, bound, or locked up." That list is non-exhaustive; other conduct may constitute physical restraint. U.S.S.G. § 1B1.1, cmt. n. 1; *United States v. Thompson*, 109 F.3d 639, 641 (9th Cir. 1997). While cases finding physical restraint "involve a sustained focus," *United States v. Parker*, 241 F.3d 1114, 1118 (9th Cir. 2001), short-term restraint can constitute physical restraint. *United States v. Foppe*, 993 F.2d 1444, 1452-53 (9th Cir. 1993). And this court has held that a defendant was liable for physical restraint when a co-conspirator "grabbed a teller by her hair and pulled her up from the floor." *Parker*, 241 F.3d at 1118. The district

court properly found that, at minimum, one of the Party City employees was physically grabbed by her shirt and forced to the ground and that this constituted physical restraint. And Pearson is liable for "all reasonably foreseeable acts and omissions of others in furtherance of a jointly undertaken criminal activity." *Id.* We thus affirm the physical-restraint enhancement.

3. Pearson also argues that the district court erred when it instructed the jury that a Hobbs Act robbery constitutes a "crime of violence." Because Pearson forfeited this question below, it is subject to plain-error review. *United States v. Gomez*, 165 F.4th 1199, 1203 (9th Cir. 2026). Predicate crimes of violence for § 924(c) charges must have violence as a necessary element under § 924(c)(3)(A). *See United States v. Davis*, 588 U.S. 445, 448 (2019). While an *attempted* Hobbs Act robbery is not a crime of violence, *United States v. Taylor*, 596 U.S. 845, 851 (2022), this court has held that a completed Hobbs Act robbery has an element that requires proof of "the use, attempted use, or threatened use of force" and is a crime of violence. *Johnson v. United States*, 139 F.4th 830, 838 (9th Cir. 2025). Thus, the district court did not err when it instructed the jury that a Hobbs Act robbery is a crime of violence.

4. Finally, Pearson argues that the district court erred when it instructed the jury that *Pinkerton* liability applied to the § 924(c) conviction. Whether a jury instruction misstated the elements of an offense is reviewed de novo. *United States*

4                                                                          24-7672

*v. Begay*, 33 F.4th 1081, 1087 (9th Cir. 2022) (en banc) (simplified). This court has held that *Pinkerton* liability applies to § 924(c) counts. *United States v. Henry*, 984 F.3d 1343, 1355 (9th Cir. 2021). And Hobbs Act robbery convictions support a § 924(c) conviction under *Pinkerton* liability when the government proves at least one conspirator committed all the elements of the offense, including mens rea and use of force. *Johnson*, 139 F.4th at 838–39. Here, the jury found that at least one conspirator committed all the elements of the Hobbs Act robbery charge. Thus, the district court did not err in instructing the jury that *Pinkerton* liability applied to the § 924(c) charge.

Because we find no error, we do not consider whether the cumulative effect of the errors warrants reversal.

**AFFIRMED.**