# United States Court of Appeals
## For the First Circuit

No. 04-1749

UNITED STATES,

Appellee,

v.

RICHARD GUERRIER, a/k/a VIGGENS GUERRIER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Cyr, Senior Circuit Judges.

Jane Elizabeth Lee for appellant.
Mark S. Zuckerman, Assistant U.S. Attorney, with whom Thomas
P. Colantuono, United States Attorney, was on brief for appellee.

November 8, 2005

**CAMPBELL**, <u>Senior Circuit Judge</u>.    Appellant Richard Guerrier appeals from his conviction and sentence in the United States District Court for the District of New Hampshire.  Guerrier entered a conditional guilty plea to the charge of unlawful re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  The plea reserved his right to appeal the court's ruling, <u>in limine</u>, excluding certain evidence.  His plea did not waive his right to appeal sentencing issues.  On appeal, he makes two arguments:  first, that the district court erred in ruling that he could not put before the jury evidence regarding his claim of derivative United States citizenship, and second, that the district court wrongly enhanced his sentence as a result of his prior convictions.  As we conclude that neither argument has merit, we now affirm his conviction and sentence.

## I.  Background

Guerrier is a citizen of Haiti.  On or about May 17, 1999, he was deported to Haiti from the United States.  On November 9, 2002, Guerrier was arrested in Manchester, New Hampshire on state criminal charges.  On February 5, 2003, he was indicted by a federal grand jury on one count of re-entry after deportation, the crime for which he was convicted and from which conviction he now appeals.  Before the scheduled commencement of his jury trial on December 29, 2003, the government filed a motion <u>in limine</u> to exclude evidence of Guerrier's claimed derivative citizenship.

-2-

Guerrier wanted to introduce evidence that his purported biological father, now deceased, had been a United States citizen and that Guerrier derived citizenship from him. The government argued that, because the requirements of two statutory provisions, 8 U.S.C. §§ 1401(g) and 1409(a), had not been met, the evidence was irrelevant to any claim by the defendant that he was not in fact an alien. It further claimed that such evidence would be potentially misleading or confusing to the jury.

In order for a child born out of wedlock to acquire derivative United States citizenship through his United States citizen father, the child must meet the requirements of both 8 U.S.C. §§ 1401(g) and 1409(a). Section 1409(a) provides that a child born out of wedlock must show (1) that there was a blood relationship between the child and the father established by clear and convincing evidence; (2) that the father had the nationality of the United States at the time of the child's birth; (3) that the father, unless deceased, has agreed to provide financial support for the child until the age of 18; and (4) that, while the child was under the age of 18 years, the child was legitimated under the law of the child's residence or domicile, the father acknowledged paternity in writing under oath, or paternity was established by adjudication of a competent court. In addition, in the case of a person born outside the geographical limits of the United States and its outlying possessions, the child born out of wedlock must

prove under § 1401(g) as a threshold requirement that the citizen parent was "physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years."

At the January 6, 2004 hearing on the motion in limine, the court asked the defendant a series of questions about what the proffered evidence would show and whether it fulfilled the requirements set out in §§ 1401(g) and 1409(a). Guerrier responded that he could satisfy most of the requirements of § 1409(a) but was unable to satisfy those under § 1409(a)(4), to wit, that while under 18 he was legitimated under the law of his residence or domicile or that his paternity was otherwise established. Guerrier justified his inability to establish the requirements of § 1409(a)(4) on the ground that he was older than 18 when he learned that his father was a United States citizen. Given this circumstance, Guerrier argued that it was a violation of due process for him to have to satisfy any of the requirements of the fourth element of the statute.

The district judge stated that although Guerrier's due process argument was original, he did not believe it had merit. The court thought it did not need to reach the due process issue, however, since Guerrier could not, in any case, meet the separate requirements of § 1401(g). When asked whether he had evidence to

satisfy § 1401(g)'s requirement that Guerrier's father was physically present in the United States or its outlying possessions for not less than five years, defense counsel replied, "I have no evidence of that." The court observed that

> if there will be no evidence in this case that [the purported father] was in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of 14 years, if there's simply a void in the evidence on that point, given the government's evidence that you are in fact an alien, I don't see how you could be entitled to present this defense to the jury.

The court thereupon granted the government's motion in limine so as to exclude evidence of derivative citizenship, stating,

> I am going to grant the government's motion to exclude evidence of derivative citizenship based on your lawyer's detailed proffer and my rejection of his constitutional challenge and my finding based on that proffer that there is going to be no evidence that would permit a jury to conclude based on the mere fact that your father is a citizen--was a citizen of the U.S. that you are, therefore, not an alien. And unless there's some evidence on that point, it becomes irrelevant that your father was a citizen of the U.S., and indeed, it may be confusing or prejudicial to the government to admit evidence of that irrelevant fact because it might invite the jury to--or confuse the jury--either invite the jury to disregard its legal responsibilities or confuse the jury into thinking that that fact is relevant.

On the afternoon of January 6, 2004, Guerrier entered a conditional guilty plea, reserving the right to appeal from the court's decision to exclude evidence of derivative citizenship.

-5-

On May 17, 2004, the court sentenced Guerrier to an enhanced term of 27 months of imprisonment and three years of supervised release, taking into account his prior convictions for aggravated felonies. On May 18, 2005, before Guerrier filed his notice of appeal with this Court, the district court issued an arrest warrant for him for violating the terms of his supervised release. He is charged with leaving New Hampshire without the permission of his probation officer and failing to report to his probation officer as required. The government informs us that Guerrier has yet to be apprehended.

## II. Discussion

As a preliminary matter, the government asks us to dismiss this appeal on the grounds that the defendant has fled and under the fugitive disentitlement doctrine should not be granted relief on appeal. While we do not question that that doctrine may be utilized where appropriate, it is discretionary. Goya Foods, Inc. v. Unanue-Casal, 275 F.3d 124, 129 (1st Cir. 2001). We choose not to apply the doctrine in this case, believing it preferable to reach the merits of Guerrier's appeal. We affirm his conviction and sentence.

### A. The Motion in Limine

Generally, "[w]e review the district court's rulings admitting or excluding evidence for abuse of discretion." Blinzler v. Marriott Int'l, 81 F.3d 1148, 1158 (1st Cir. 1996). In

particular, abuse of discretion is the standard of review for decisions to exclude evidence on the ground of irrelevancy. See United States v. Richardson, 421 F.3d 17, 37 (1st Cir. 2005); Richards v. Relentless, Inc., 341 F.3d 35, 49 (1st Cir. 2003); United States v. Garcia, 818 F.2d 136, 144 (1st Cir. 1987). Regarding motions in limine, the rule is the same: "[w]e review the denial of the motion in limine only for abuse of discretion." JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 50 (1st Cir. 1999).[1]

On appeal, Guerrier shifts the grounds of his argument, asserting that he was, in fact, legitimated under the laws of Haiti, thus meeting at least one of the requirements of 8 U.S.C. §1409(a)(4). His legitimation under Haitian law is said to be shown by a copy of Guerrier's purported Haitian birth certificate. This document was produced and discussed in the district court at the hearing on the motion in limine, though never placed in evidence.

---

[1]This rule is qualified in appropriate cases, as Chief Judge Boudin states in Cameron v. Otto Bock Orthopedia Industry, Inc., 43 F.3d 14, 16 (1st Cir. 1994), as follows: "We commonly say that we review [evidentiary rulings] solely for an abuse of discretion. This may be a mild overstatement since evidentiary rulings can sometimes contain buried rulings of law reviewable de novo, or basic findings of fact subject to clear error review." Such qualifications are academic here since neither party disagrees that § 1401(g) and § 1409(a) are independent or that defendant had no evidence to satisfy the requirements of § 1401(g).

In the certificate, Juan Quinones, Guerrier's purported father, identifies one "Richard" as his illegitimate son, born at a named hospital in Port-au-Prince on June 17, 1976, to Ms. Marlene Toureau. Appellant's attorney tells us that this document, under Haitian law, would suffice to establish Guerrier's legitimation for purposes of compliance with § 1409(a)(4). Appellant's attorney explains that, at the time of the hearing on the motion in limine, no one, including counsel, realized this fact, causing Guerrier's attorney to concede unnecessarily that his client could not establish compliance with clause (4).[2]

In response, the government does not necessarily deny that the document, assuming it could be properly authenticated and placed in evidence, might be adequate to establish the father's legitimation of his illegitimate son. Instead, the government points out that, even if so, evidence is still lacking of compliance with § 1401(g)--the threshold requirement that Guerrier's father be shown to have been physically present in the United States or its possessions for a period or periods totaling not less than five years, at least two of them after he attained the age of 14. As the government points out, the district court

---

[2]Guerrier does not raise on appeal the argument made in the district court that he is deprived of due process of law if obliged to adduce evidence of legitimation.

based its allowance of the motion in limine primarily on the absence of evidence establishing these facts.

We agree with the government that the district court did not err in allowing the motion in limine, thereby excluding Guerrier's derivative citizenship defense. Even were it now possible, notwithstanding appellant's contrary concession in the district court, to reopen the issue of whether Guerrier met the legitimation (or other, alternative) requirements of § 1409(a)(4), Guerrier has failed to adduce any evidence that his father was physically present in the United States or its outlying possessions for not less than five years, with two of them after attaining the age of 14, so as to meet the threshold requirements of § 1401(g).

While conceding the absence of such evidence, Guerrier's counsel argues that it made no sense for Guerrier to try to find it so long as he believed that he was also unable to meet the § 1409(a)(4) requirements. Guerrier, however, had ample time to seek out proof as to his father's compliance with § 1401(g), and there is nothing to show, even now, that such evidence exists. His temporary confusion over the supposed unavailability of evidence on another point does not excuse the lack of evidence to satisfy § 1401(g). Without such evidence, his derivative citizenship defense would necessarily fail, and the district court did not abuse its discretion in allowing the government's motion in limine.

## B. The Sentencing Enhancement

Guerrier did not object at the district court level to the application of a sentencing enhancement for his prior felony convictions, so we review the decision for plain error. United States v. Bezanson-Perkins, 390 F.3d 34, 43 (1st Cir. 2004). Guerrier argues that the district court erred by applying the enhancement when the prior convictions had not been found beyond a reasonable doubt or admitted by the defendant. The district court did not commit plain error because courts may enhance a sentence based on prior convictions without violating the Sixth Amendment. Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998). United States v. Booker, 125 S. Ct. 738 (2005), did not change this rule. Id. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt."). "Prior criminal convictions are not facts that a jury must find beyond a reasonable doubt." United States v. Lewis, 406 F.3d 11, 21 n.11 (1st Cir. 2005). The district court therefore did not err in applying a sentencing enhancement for the defendant's prior convictions.

## III. Conclusion

The conviction and sentence are **affirmed**.