**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1560

UNITED STATES OF AMERICA,

Appellee,

v.

MIGUEL AQUINO-GARCIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lipez and Howard, Circuit Judges,

and Restani,[*] Judge.

Victor González-Bothwell, Assistant Federal Public Defender, with whom Joseph C. Laws, Jr., Federal Public Defender, was on brief, for appellant.
Nancy J. Hess, Assistant United States Attorney, with whom Gregory R. Miller, United States Attorney, was on brief, for appellee.

January 5, 2006

---

[*]Chief Judge of the United States Court of International Trade, sitting by designation.

**Per Curiam**.  Defendant Miguel Aquino-Garcia appeals from his conviction for possession of stolen United States mail. See 18 U.S.C. § 1708.

In August 2001, Aquino-Garcia and his wife entered a branch of the Banco Bilbao Vizcaya in Los Colobos, Carolina, Puerto Rico, to obtain two bank checks to be used to purchase a house.  To secure these checks, Aquino-Garcia provided the bank with three other checks: a United States Treasury check belonging to a judge and his wife for $4,143.54, a personal check to Aquino-Garcia from his wife for $5,952.24, which was later returned for insufficient funds, and a cashier's check for approximately $5,000.

Sometime later, the branch was informed by its operations center that the Treasury check would not be honored.  The branch manager, Luis Rivera Manzan, called Aquino-Garcia, who told Manzan that the check had been given to him by the owner of a jewelry store who was away from Puerto Rico and could not be contacted. Manzan sent the check to the bank's security department for investigation.

In May 2002, an investigative agent with the Puerto Rico Police interviewed Aquino-Garcia in connection with a complaint filed by the bank regarding the Treasury check.  The agent asked Aquino-Garcia how he had acquired it.  Aquino-Garcia replied that he had received the check as payment for the sale of bottled water. He could not, however, name the individual to whom he had made the

-2-

sale. Moreover, he could not provide documentation of the sale. Eventually, Aquino-Garcia was indicted, tried, and convicted.

On appeal, Aquino-Garcia contends that the government presented insufficient evidence to prove that he knowingly possessed stolen mail. He also argues that the district court abused its discretion by admitting into evidence allegedly irrelevant and unduly prejudicial material.

We begin with the sufficiency claim, and review the evidence in the light most favorable to the verdict. See United States v. Jimenez, 419 F.3d 34, 45 (1st Cir. 2005). To prove that Aquino-Garcia knowingly possessed stolen mail, the government was required to establish that Aquino-Garcia had in his possession the contents of mail stolen from a mail receptacle or mail route, and that he knew that what he possessed had been stolen. See 18 U.S.C. § 1708; United States v. Indelicato, 611 F.2d 376, 384 (1st Cir. 1979). Aquino-Garcia argues that there was insufficient evidence to show that the Treasury check was stolen from a mail receptacle or mail route because the evidence equally suggested that an authorized person took the Treasury check from the judge's mailbox and later misplaced it (or had it stolen).

There was sufficient evidence that the Treasury check was stolen from the mailbox. The government's evidence showed that the Treasury check was mailed to the correct address; that a mailbox was located in front of the judge's home; that neither the judge

-3-

nor his wife received the Treasury check; and that neither the judge nor his wife endorsed it. These facts permit a reasonable inference that the check was delivered to the mailbox and taken from it before someone from the judge's household had retrieved the mail.

Aquino-Garcia also challenges the sufficiency of the evidence that he knew that the Treasury check was stolen. As to this element, like the first, the government adequately proved its case through circumstantial evidence. The government introduced the personal check drawn on Aquino-Garcia's spouse's bank account, which was returned for insufficient funds, as well as her bank account records, to bolster its contention that Aquino-Garcia was knowingly involved in a fraudulent scheme to obtain the bank checks for the purchase of a house. The government also presented evidence that Aquino-Garcia had access to the area from which the Treasury check was stolen at around the time it was taken. Finally, Aquino-Garcia's conflicting and uncorroborated stories of how he acquired the Treasury check suggest that he knew that the check was stolen and was covering for his actions.

We next turn to the admissibility of evidence claims which we review for abuse of discretion. See United States v. Guerrier, 428 F.3d 76, 79 (1st Cir. 2005). Aquino-Garcia argues that the evidence involving his spouse's personal check and her bank records was irrelevant and unduly prejudicial. See Fed. R.

-4-

Evid. 401, 403. He contends that there was no basis for an inference that he was aware that his wife's check was worthless and that, in any event, this evidence has little bearing on the elements of the crime with which he was charged.

As an initial matter, the jury was entitled to infer that Aquino-Garcia had knowledge that his spouse's check was worthless. While it is possible that a husband would be unaware of the state of his wife's finances at the time of a joint home purchase, the issue turns on a jury's judgments about the relationships within families.[1] See United States v. Corchado-Peralta, 318 F.3d 255, 258 (1st Cir. 2003). As discussed above, the district court correctly concluded that the evidence that Aquino-Garcia knowingly passed his wife's worthless check was relevant since it makes it more likely that he did not obtain the Treasury check accidentally or through lawful means. Additionally, the district court reasonably concluded that the evidence was not unduly prejudicial, as Aquino-Garcia's state of mind was a central issue in the case.

Aquino-Garcia also challenges the admission of evidence suggesting that he had access to the area from which the Treasury check was stolen. Specifically, he challenges the testimony of a

---

[1]Aquino-Garcia also contends that the bank records were irrelevant because the government could not show that his wife's bank account was empty on the date that he obtained the bank checks. But the fact that there were insufficient funds in the account on the date of the purchase speaks for itself, and the bank records further suggest that the absence of sufficient funds in the account on that day was no passing phenomenon.

security guard stationed at a gate at the judge's housing development, who testified that Aquino-Garcia delivered water to the development around August 2001. Aquino-Garcia primarily argues that this evidence was irrelevant because it goes only to whether he stole the Treasury check -- a crime with which he was not charged. He also contends that the testimony was unreliable and likely misled the jury.

Aquino-Garcia's view of the relevance of this evidence is too narrow. That Aquino-Garcia had access to the judge's development increases the likelihood that he either stole the check himself or had an opportunity to encounter the person who stole it. This, in turn, increases the likelihood that he knew the check was stolen. Further, any argument about the reliability of the guard's testimony goes to its weight, and not its relevance. See United States v. Noone, 913 F.2d 20, 35 (1st Cir. 1990).

Finally, Aquino-Garcia argues that the testimony confused the issues and likely misled the jury by suggesting that he was charged with stealing the Treasury check. See Fed. R. Evid. 403. On the contrary, the record discloses that the jury was clearly instructed that the charged crime was possession of stolen mail and, as discussed above, the evidence was relevant to whether Aquino-Garcia committed the charged crime.

**Affirmed**.