**UNITED STATES of America,**
**Appellee,**

v.

**Dwayne WILLIAMS, Defendant–**
**Appellant.**

No. 06–5330–cr.

United States Court of Appeals,
Second Circuit.

March 27, 2008.

Kimberly A. Schechter, Federal Public Defender's Office (Mary Beth Covert, on the brief), Buffalo, NY, for Defendant–Appellant.

John E. Rogowski, Assistant United States Attorney, for Terrence P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. LORETTA A. PRESKA, District Judge.[1]

### SUMMARY ORDER

Defendant-appellant Dwayne Williams appeals from the judgment of the district court, convicting him, following a jury trial, of illegally re-entering the United States after having been deported in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and sentencing him principally to 92 months of imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

■ Williams' primary claim on appeal is that the government failed to meet its burden of proving that Williams was an "alien," insofar as the government failed to prove that Williams had not derived citizenship from his mother under former 8 U.S.C. § 1432 (repealed 2000) (providing the circumstances under which an alien born abroad to alien parents may derive citizenship from a parent or parents who later naturalized). The government argues, in response, that derivative citizenship is an affirmative defense that Williams bears the burden of proving. We need not decide who bore the burden because, even if it rested with the government, the evidence considered in the light most favorable to the government, e.g., United States v. Naiman, 211 F.3d 40, 46 (2d Cir.2000), was sufficient to sustain the verdict. In particular, that evidence included: (1) official documentation of and testimony concerning Williams' prior deportation from the United States; (2) Williams' statement to a United States border official that Williams was born in

---

1. The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

Canada, was a Canadian citizen and falsely claimed that he had not been previously deported; (3) Williams' Canadian passport setting forth his citizenship as Canadian and place of birth in Canada; (4) testimony by border official William Schoenrock ("Schoenrock") that, in his opinion, Williams was an alien; and—significantly—(5) Williams' signed statement following his arrest at the border, in which he admitted that he was a Canadian citizen with no claim to United States citizenship. Accordingly, Williams' sufficiency of the evidence claim is meritless. *See, e.g., United States v. Ramirez–Cortez,* 213 F.3d 1149, 1158 (9th Cir.2000) (finding a sufficiency of evidence based on defendant's deportation order, the defendant's admission in the underlying deportation proceeding that he was an alien, and testimony by an immigration official that he believed the defendant was an alien); *United States v. Sotelo,* 109 F.3d 1446, 1449 (9th Cir.1997) (same, where the government's evidence consisted of a prior deportation order, the defendant's admissions to an immigration agent that he was a Mexican citizen, and his admissions during the deportation hearing that he was not a United States citizen).

■ Williams also challenges the district court's exclusion of certain documents from evidence relating to his prior deportation proceeding which were maintained by the former Immigration and Naturalization Service ("INS") in Williams' "Alien–File." To the extent that Williams sought to introduce these documents in support of a derivative citizenship claim, we hold that the district court did not abuse its discretion in excluding the documents because they fail to establish, either individually or collectively, a *prima facie* derivative citizenship claim. *See United States v. Guerrier,* 428 F.3d 76, 79–80 (1st Cir.2005) (affirming district court's exclusion of certain evidence that supported some, but not all, of the requirements for derivative citizenship).

■ Williams argues, however, that his purpose in introducing these documents was not to raise an affirmative claim of derivative citizenship, but rather to undermine the government's case on the theory that Schoenrock failed to definitively rule out the possibility that Williams may have derived citizenship, notwithstanding that Schoenrock was (or should have been) on notice that Williams had challenged his alienage in his prior deportation proceeding. *Cf. United States v. Thompson,* 37 F.3d 450, 454 (9th Cir.1994) (holding that the district court erred by not permitting defense counsel to argue to the jury that the government's case was weakened by a lack of evidence allegedly caused by its failure to investigate). Even assuming *arguendo* that the district court erred in precluding admission of the at-issue documents for such impeachment purposes, however, any error was harmless: Williams did not claim before the jury that he was a United States citizen; the evidence excluded provided no basis for Williams to claim derivative citizenship; and Williams admitted in a sworn statement—taken by Schoenrock—that Williams had no claim to United States citizenship. Because the value (if any) of the excluded evidence to Williams' defense was *de minimus,* any error in the district court's evidentiary ruling was harmless. *See United States v. Garcia,* 413 F.3d 201, 210 (2d Cir.2005) (error harmless unless evidentiary ruling had a "substantial and injurious effect or influence" on the jury's verdict) (quoting *United States v. Dukagjini,* 326 F.3d 45, 62 (2d Cir.2003)).

■ We also reject Williams' claims that the district court impermissibly precluded him from arguing to the jury during summation that the government failed to meet its burden of proving alienage

insofar as it failed to definitively rule out the possibility that Williams had derived citizenship. Given that the evidence before the jury was insufficient to support any claim of derivative citizenship, the district court did not abuse its discretion in precluding this line of argument. *See United States v. Bautista*, 252 F.3d 141, 145 (2d Cir.2001) (holding that trial court properly prohibited an argument at closing that was not based on facts in the record and could have effect of confusing the jury). In any event, any error was, again, harmless. *Id.* at 145 ("There is no abuse of discretion if the defendant cannot show prejudice."). Defense counsel argued at length during summation that the government bore the burden of proving that Williams was a non-citizen, and implored the jury to review Schoenrock's cross-examination, in which defense counsel questioned the nature and extent of the Schoenrock's investigation of Williams' alienage.

■ Finally, we reject Williams' sentencing challenges. The district court's imposition of a 92–month sentence was both procedurally and substantively reasonable. *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). The record indicates that the court considered the relevant sentencing factors, and we have no reason to believe otherwise. *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir.2008) ("No robotic incantations are required to prove the fact of consideration, and we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." (internal quotation marks and citation omitted)). Moreover, Williams' 92–month sentence was at the bottom of the applicable Sentencing Guidelines range, and we cannot say on the record before us that the district court's decision not to depart any lower was unreasonable. *See Fernandez*, 443 F.3d at 27 ("[I]n the overwhelming majority of

cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

For the foregoing reasons, the judgment is AFFIRMED.